**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| LINDA E. SANFORD, | DOCKET NUMBER |
| Appellant, | DA-0752-17-0096-I-1 |
| v. | |
| DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT, | DATE: February 15, 2024 |
| Agency. | |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Stephen Goldenzweig, Esquire, Houston, Texas, for the appellant.

Sakeena Adams and Mary C. Merchant, Esquire, Fort Worth, Texas, for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

**FINAL ORDER**

The appellant has filed a petition for review of the initial decision, which sustained her removal. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED concerning the administrative judge's analysis of the appellant's affirmative defense of retaliation, we AFFIRM the initial decision.

## BACKGROUND

The appellant was formerly employed by the agency as an Equal Opportunity Specialist. Initial Appeal File (IAF), Tab 1 at 2. On July 8, 2016, the agency proposed to remove her based on three charges of Failure to Follow Instructions, Inattention to Duty, and Conduct Unbecoming. *Id.* at 21-25. Via letter dated November 3, 2016, the agency sustained the charges and removed the appellant, effective November 7, 2016. *Id.* at 11-14. The appellant filed a Board appeal, disputing the charges and raising affirmative defenses of disability discrimination, retaliation for prior equal employment opportunity (EEO) activity, and harmful procedural error. IAF, Tab 1 at 3, Tab 16.

After holding the appellant's requested hearing, the administrative judge issued an initial decision, sustaining her removal. IAF, Tab 31, Initial Decision (ID). The administrative judge found that the agency proved all three of its charges, there was a nexus between the sustained charges and the efficiency of the service, and the penalty of removal was within the tolerable limits of

reasonableness.  ID at 2-29, 46-49.  He further found that the appellant failed to prove any of her affirmative defenses.  ID at 29-46.

The appellant has filed a petition for review.  Petition for Review (PFR) File, Tab 3.  The agency has filed a response in opposition, and the appellant has filed a reply.  PFR File, Tabs 5, 8.

## DISCUSSION OF ARGUMENTS ON REVIEW

As an initial matter, the appellant does not challenge the administrative judge's findings concerning the agency's proof of its charges or her failure to prove her affirmative defenses of retaliation or disability discrimination due to disparate treatment.[2]  Thus, the Board will not embark upon a complete review of the record.  *See Baney v. Department of Justice*, 109 M.S.P.R. 242, ¶ 7 (2008); *Tines v. Department of the Air Force*, 56 M.S.P.R. 90, 92 (1992).  Nonetheless, we address the appellant's retaliation claim and supplement the administrative judge's analysis to clarify the proper legal standards.

The administrative judge characterized the appellant's retaliation claim as alleging both retaliation for filing EEO complaints[3] and for requesting reasonable accommodations for her disabilities and found that she failed to prove that such protected activities were a motivating factor in her removal.  ID at 30-33. In particular, he found that the appellant did not produce any direct evidence of retaliation, did not allege that the agency treated employees without prior EEO activity more favorably, and offered little more than unsupported allegations to show that the agency removed her because of her prior EEO activity.  ID at 30-32.  In so finding, the administrative judge applied the standard set forth in

---

[2] Since the issuance of the initial decision, the Board issued *Pridgen v. Office of Management and Budget*, 2022 MSPB 31, which, among other things, addressed the causation standard for proving disability discrimination.  *Pridgen*, 2022 MSPB 31, ¶¶ 39-40, 42.  Given the administrative judge's finding that the appellant did not prove that her disability was a motivating factor in the agency's action, ID at 40-42, *Pridgen* does not affect the administrative judge's analysis.

[3] The basis for the appellant's prior EEO complaints is unclear from the record.

the Board's decision in *Savage v. Department of the Army*, 122 M.S.P.R. 612, ¶ 42 (2015), which discussed various methods of direct and circumstantial evidence through which an appellant may meet her burden of showing that a prohibited consideration was a motivating factor in the contested personnel action. ID at 30. Following *Savage*, however, the Board clarified that the types of evidence set forth in *Savage* are not subject to differing evidentiary standards and explained that "all evidence belongs in a single pile and must be evaluated as a whole." *Gardner v. Department of Veterans Affairs*, 123 M.S.P.R. 647, ¶ 29 (2016) (citing *Ortiz v. Werner Enterprises, Inc.*, 834 F.3d 760, 766 (7th Cir. 2016)), *clarified by Pridgen v. Office of Management and Budget*, 2022 MSPB 31, ¶¶ 23-24. Regardless of the characterization of the appellant's evidence, we find that the administrative judge properly considered the evidence as a whole in determining that the appellant failed to show that retaliation for filing EEO complaints was a motivating factor in her removal.

To the extent the appellant also alleged retaliation for requesting reasonable accommodations or for opposing disability discrimination, such claims amount to a claim of retaliation for engaging in activity protected by the Rehabilitation Act. After the initial decision in this appeal was issued, the Board clarified that the proper causation standard for such a claim requires proof that the appellant's protected activity was a "but-for" cause of the adverse employment action, not merely a motivating factor. *Pridgen*, 2022 MSPB 31, ¶¶ 44-47. Because the appellant did not show that her protected activities were a motivating factor in her removal, we find that she did not meet the more stringent "but-for" standard.

<ins>The administrative judge properly found that the appellant failed to prove her affirmative defense of denial of reasonable accommodation.</ins>

Regarding the appellant's denial of reasonable accommodation claim, the administrative judge found that, although the appellant established that she was

disabled,[4] she failed to establish that any alleged failure of the agency to accommodate her disabilities caused her failure to follow instructions, her inattention to duty, or her inappropriate conduct. ID at 33-34, 36. In particular, regarding the failure to follow instructions charge, he found that the appellant cited to ongoing computer issues, not her disabilities, as the reason why she was prevented from meeting deadlines. ID at 37. Although he acknowledged that the appellant also indicated that it took her longer to review the Fair Housing Reports due to cognitive issues related to her disabilities, the administrative judge found that she could have requested an extension of time to submit her presentation to her supervisor or submitted what she had completed for review and feedback. *Id.* Regarding the inattention to duty charge, the administrative judge found that the evidence did not show that the appellant's disability caused her misconduct, but rather, the appellant blamed her failure to input interviews on office practice and case complexity. ID at 38. Finally, regarding the conduct unbecoming charge, the administrative judge found that the appellant's misconduct stemmed from her feeling stressed, frustrated, and at a loss with how to deal with her supervisor. *Id.*

The administrative judge further found that, even assuming that the appellant's removal was based on her disabilities, the agency provided her with multiple accommodations, there was no evidence that such accommodations were ineffective, and the appellant's issues were with her supervisor. ID at 38-39. The administrative judge also found that, despite insufficient evidence that reassignment was necessary, the agency searched for vacant positions but did not identify any in the appellant's office, and the appellant indicated that she did not want to relocate. ID at 39. Finally, he found that, even if the agency failed to meet its reassignment obligation, the appellant failed to identify a vacant funded position for which she was qualified. *Id.*

---

[4] Although the administrative judge did not address whether the appellant was a qualified individual with a disability, we find that the appellant's claims can be resolved without reaching that issue. *See Haas v. Department of Homeland Security*, 2022 MSPB 36, ¶ 29 n.9.

On review, the appellant argues that the administrative judge erred in finding that she failed to prove that the agency's failure to accommodate her disabilities caused her failure to follow instructions. PFR File, Tab 3 at 7-8. She argues that the administrative judge erroneously accepted the agency's claim that her issues involved a dispute with her supervisor and were not due to symptoms related to her medical condition. *Id.* at 5. She also argues generally that the administrative judge erred in finding that the agency met its obligations regarding her request for reasonable accommodation in the form of a modification of her current position, transfer, or reassignment because she was not granted such accommodations, despite repeated requests. *Id.* at 4-5. Finally, she argues that the agency failed to follow relevant policies and procedures. *Id.* However, the appellant does not dispute the administrative judge's findings that the agency provided her with various accommodations, including full-time telework, additional time to complete assignments, and written-only communication with her supervisor. She has not explained how the accommodations were ineffective or articulated how the agency could have modified her position to allow her to perform its essential functions. Nor does she dispute that the agency searched for a vacant position for her or identify an available position to which she could have been reassigned.[5] Thus, we agree with the administrative judge that the appellant failed to prove her affirmative defense of denial of reasonable accommodation.

The administrative judge properly found that the appellant failed to prove her affirmative defense of harmful procedural error.

The administrative judge found that the appellant failed to prove that the agency committed harmful procedural error by, among other things, failing to grant her a 45-day extension to respond to the notice of proposed removal and

---

[5] Although the appellant argues that the administrative judge erred in crediting the testimony of a human resources specialist that the appellant turned down a vacant position at another location because she did not want to relocate, she does not argue that such testimony is false or assert that she did not turn down the position. PFR File, Tab 3 at 5.

failing to provide her with sufficient official duty time to respond to the notice of proposed removal. ID at 42-45. We agree. The administrative judge found that the appellant was provided 45 days to respond to the notice of proposed removal, including an initial 21 days, a 21-day extension, and a subsequent 3-day extension. ID at 44. As such, he found that the agency's actions did not violate the collective bargaining agreement, which required it to afford an employee 30 days' advance written notice of a proposed action and 21 days to respond to the proposed action. ID at 43, 45. Regarding the agency's failure to provide the appellant official time, the administrative judge found that the notice of proposed removal provided the appellant with 16 hours of official time to prepare a response, and, upon her request, the appellant also was granted an additional 10 hours of official time. ID at 44. Thus, he found that the agency complied with the terms of the collective bargaining agreement, which required it to afford an employee up to 16 hours of duty time, if needed, to prepare a response. ID at 43, 45.

On review, the appellant asserts that the administrative judge erred in finding that the agency complied with the collective bargaining agreement because it denied her requested 45-day extension. PFR File, Tab 3 at 12. She also summarily contends that, despite the evidence in the record showing that the agency granted her 26 hours of official time, IAF, Tab 10 at 45, 55, 60, the agency did not provide her any official time to prepare her response to the notice of proposed removal, PFR File, Tab 3 at 13. Such arguments, however, constitute mere disagreement with the administrative judge's well-reasoned findings, and do not provide a basis for reversal. *See, e.g., Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 105-06 (1997) (finding no reason to disturb the administrative judge's findings when she considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions); *Broughton v. Department of Health and Human Services*, 33 M.S.P.R. 357, 359 (1987) (same).

The administrative judge properly found that the agency proved that the penalty of removal was reasonable.

The administrative judge found that the deciding official properly considered the factors set forth in *Douglas v. Veterans Administration*, 5 M.S.P.R. 280, 305-06 (1981), and exercised her discretion within the tolerable limits of reasonableness in deciding to remove the appellant. ID at 47-49. On review, the appellant argues that the agency's *Douglas* factor analysis was false and misleading because it referenced her disrespectful and unprofessional conduct toward the public, which pertained to specifications that the agency did not sustain, and the agency provided no evidence that her alleged unprofessionalism negatively impacted the agency's reputation. PFR File, Tab 3 at 11. She also asserts that the deciding official failed to consider her job-related stress as a mitigating factor. *Id.*

The record reflects that, in considering the *Douglas* factors, the deciding official noted that external parties had raised concerns related to the appellant's behavior, which could have potentially harmed the agency's reputation, but because little harm transpired, she did not give great weight to this factor and instead found it to be neutral. IAF, Tab 1 at 18. Additionally, contrary to the appellant's contention on review, the deciding official also considered the appellant's medical conditions and stress as mitigating factors, but found that despite receiving reasonable accommodations, the appellant's conduct had been consistent over several years and had not improved even after the imposition of progressive discipline. *Id.* at 19. Thus, we agree with the administrative judge that the record reflects that the deciding official properly considered the relevant *Douglas* factors, emphasizing the seriousness of the offenses in relation to the appellant's position, the intentional and repeated nature of the offenses, and the appellant's prior disciplinary history, which included prior instances of discipline for failure to follow instructions, disrespectful behavior, and inappropriate

conduct. *Id.* at 15-20. Accordingly, we find that the administrative judge properly found that the penalty of removal was reasonable.

The administrative judge did not abuse his discretion in denying the appellant's Motion to Supplement the Record with Electronic Audio Files.

The appellant moved to introduce electronic audio files concerning meetings she had with agency officials regarding her request for reasonable accommodation. IAF, Tab 19. The administrative judge denied the appellant's motion because most of the participants in the meetings were approved to testify as witnesses at the hearing. IAF, Tab 21 at 2-3. On review, the appellant argues that the administrative judge abused his discretion and that such recordings were relevant to show that she made requests for reasonable accommodation based on her disabilities and would have enabled the administrative judge to better understand her frustration, the information the agency had regarding her disabilities, and her need for a reasonable accommodation. PFR File, Tab 3 at 6, 9-10. Thus, she contends that, had the administrative judge admitted the recordings, he would have concluded that the agency did not meet its obligations. *Id.* at 11.

An administrative judge has broad discretion to control the course of the proceedings, including the discretion to exclude evidence that is unduly repetitious. *See Sanders v. Social Security Administration*, 114 M.S.P.R. 487, ¶ 10 (2010). Rulings regarding the exclusion of evidence are subject to review by the Board under an abuse of discretion standard. *Lopes v. Department of the Navy*, 119 M.S.P.R. 106, ¶ 11 (2012). We find that the administrative judge did not abuse his discretion in denying submission of the audio files to the extent that the appellant was afforded an opportunity to testify concerning her requests for reasonable accommodation, including the meetings she had with agency officials and the information that she conveyed to the agency during such meetings. Further, many of the agency officials involved in the meetings were approved as witnesses, and, as such, the appellant was afforded an opportunity to elicit

relevant testimony from them concerning her requests for reasonable accommodation.[6]

Accordingly, we affirm the initial decision, sustaining the appellant's removal.

## NOTICE OF APPEAL RIGHTS[7]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

---

[6] Not all of the individuals identified as participants to the meetings in the audio files were called as witnesses at the hearing. IAF, Tabs 19, 21. However, the record does not reflect that the appellant requested or was denied the opportunity to call such witnesses. IAF, Tabs 19, 21.

[7] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

**(1) <u>Judicial review in general</u>**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) <u>Judicial or EEOC review of cases involving a claim of discrimination</u>**.  This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you</u>

receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[8]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

---

[8] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:    _____

*Gina K. Grippando*

Gina K. Grippando
Clerk of the Board

Washington, D.C.